UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:20-cr-165-MSS-AAS

EDWARD CHRISTOPHER WHITE, JR.

**UNITED STATES' UNOPPOSED[1] AMENDED[2] MOTION
FOR AN ORDER OF FORFEITURE AND PRELIMINARY
<u>ORDER OF FORFEITURE FOR DIRECT ASSETS</u>**

Pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an order of forfeiture against the defendant in the amount of $33,321,712, representing the amount of proceeds the defendant personally obtained from his participation in the conspiracy and that the following assets represent or were funded with proceeds of the offenses as charged in Counts One and Two of the Superseding Information, as well as forfeiture of the following assets:

    a.    The real property located at 22020 Front Beach Rd, Unit 2, Panama City Beach, Florida 32413, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

        UNIT 2: COMMENCE at the Northeast corner of Lot 10, Block 5, Kiska Beach Subdivision, according to the Plat thereof, as recorded in Plat Book 3, Page 24, of the Public Records of Bay

---

[1] On January 27, 2023, the United States discussed this motion with defense counsel, who advised that the defendant has no objection to the relief sought in this motion.

[2] This amendment pertains to the Cessna aircraft listed in subsection C, which has since been sold with the defendant's agreement for $280,000. Accordingly, the United States now seeks to forfeit the funds obtained pursuant to the sale in lieu of the aircraft.

County, Florida; thence S23 degrees, 22'32"W, along the East line of said lot, a distance of 125.15 feet to the Southeast corner of said lot; thence N66 degrees 28'49"W, along the South line of said lot, a distance of 50.14 feet to the Northeast corner of Lot 16, of said Block 5; thence S23 degrees 20'24"W, along the East line of said Lot 16, a distance of 16.47 feet; thence leaving said East line, N66 degrees 39'36"W, a distance of 9.35 feet; thence N66 degrees 48'00"W, a distance of 22.25 feet; thence S23 degrees 46'36"W, a distance of 8.04 feet; thence N66 degrees 43'50"W, a distance of 18.78 feet to the POINT OF BEGINNING; thence continue N66 degrees 43'50"W, a distance of 18.62 feet; thence N23 degrees 18'04"E, a distance of 7.99 feet; thence N66 degrees 37'29"W, a distance of 1.00 feet; thence S23 degrees 45'08"W, a distance of 76.03 feet; thence S66 degrees 44'11"E, a distance of 20.25 feet; thence N23 degrees 15'49"E, a distance of 68.04 feet to the POINT OF BEGINNING. Said parcel is a part of Lot 17, Block 5, of said Kiska Beach Subdivision.

Parcel Identification No. 36015-000-015.

Titled Owner: Chris White;

b. The real property located at 3232 Magnolia Islands Blvd, Panama City Beach, Florida 32408, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

Lot 181 and 182, The Preserve on the Bay Phase IV-A, according to the map or plat thereof, as recorded in Plat Book 19, Page 6 of the Public Records of Bay County, Florida.

Parcel Identification No. 31365-860-000.

Titled Owner: The Edward Christopher White, Jr. Family Protection Trust, Dated July 24, 2019;

c. $280,000 in lieu of the 1986[3] Cessna Citation SII S550 aircraft, Serial Number S550-0111, Tail Number Nl7LP;

---

[3] This amendment further corrects a scrivener's error of the year of the Cessna Citation aircraft from 1985 to 1986.

2

d. 2018 Range Rover, VIN: SALWZ2SE4JA184013;

e. 2019 Mercedes-Benz Sprinter Van, VIN: WDAPF1CDXKP051312;

f. Approximately $5,312.95 seized from Centennial Bank account number 503081134, held in the name of White Hewitt-Air Corp;

g. Approximately $124,280.34 seized from Centennial Bank account number 503088255, held in the name of Christopher White and Brian Moore;

h. Approximately $1,197.00 seized from Centennial Bank account number 503182370, held in the name of D.A.R.C. LLC dba D.A.R.C. Enterprises;

i. Approximately $1,910.42 seized from Centennial Bank account number 503182119, held in the name of White Medical LLC;

j. Approximately $9,742.69 seized from Centennial Bank account number 503182905, held in the name of White Oil & Gas LLC;

k. Approximately $902.81 seized from Centennial Bank account number 503182348, held in the name of Whitewater Consulting LLC;

l. Approximately $603,818.00 seized from Regions Bank account number 0263433532, held in the name of The Edward Christopher White, Jr. Family Protection Trust; and

m. Approximately $580,255.00 seized form Pinnacle Bank account number 800105121305, held in the name of The Edward Christopher White, Jr. Family Protection Trust.

# MEMORANDUM OF LAW

I. **Statement of Facts**

    A. **Allegations Against the Defendant**

    1.    The defendant was charged in a Superseding Information with conspiracy to defraud the United States and to pay and receive kickbacks, in violation of 18 U.S.C. § 371 (Count One), and receipt of kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1) (Count Two). Doc. 126.

    2.    The Superseding Information also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 982(a)(7), the United States would seek an order of forfeiture in the amount $33,321,712, which represents the amount of proceeds obtained from the offenses, and the assets identified above. *Id.* at 20-23.

    B. **Finding of Guilt and Admissions Related to Forfeiture**

    3.    On October 14, 2021, the defendant pleaded guilty to Counts One and Two of the Superseding Information before United States Magistrate Judge Amanda Arnold Sansone, who recommended that his plea be accepted. Docs. 147, 149. On November 5, 2021, United States District Judge Mary S. Scriven accepted his plea and adjudicated him guilty. Doc. 171. The defendant's sentencing is currently scheduled for January 13, 2022.

    4.    In his Plea Agreement, the defendant specifically agreed to immediately and voluntarily forfeit $33,321,712 in proceeds he obtained as a result of the

commission of the offenses to which he is pleading, and forfeiture of the assets identified above which assets represent or were funded by proceeds of the offenses charged in Counts One and Two of the Superseding Information. Doc. 128 at 10-11. Moreover, the defendant also agreed that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets. *Id.* at 12.

    **C.**    **Admissions of Fact**

5.    In the Factual Basis of his Plea Agreement (Doc. 128 at 21-30), the defendant admitted that he, along with his co-conspirators, conspired to defraud the United States and commit offenses against the United States, that is, soliciting and receiving renumerations, and offering and paying renumerations. *Id.* The defendant was an active participant in the conspiracy. *Id.* The defendant received $33,321,712 in proceeds derived from kickbacks from his role in the offenses. *Id.*

**II.**    <u>**Applicable Law**</u>

    **A.**    **Forfeiture Statute**

In sentencing a person convicted of a conspiracy to defraud the United States and to pay and receive kickbacks (in violation of 18 U.S.C. § 371) (Count One), and

receipt of kickbacks (42 U.S.C. § 1320a-7b(b)(1)) (Count Two), the Court's authority to enter an order of forfeiture against a defendant and to forfeit specific assets is found in 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2. The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a health care fraud offenses.

      B.      **Court's Determination of Forfeiture**

Federal Rule of Criminal Procedure 32.2(b)(1) requires that as soon as practical after a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks a personal judgment, the court must determine the amount of money that the defendant will be ordered to pay. Fed. R. Crim. P. 32.2(b)(1)(A). Where the government seeks forfeiture of specific assets, the court must determine whether the government has established the requisite nexus between the property and the offenses. *Id.*

In this instance, the United States is seeking both an order of forfeiture in the amount of $33,321,712 against the defendant and forfeiture of the assets identified above.

Because the United States could not locate all of the specific property traceable to the defendant's health care fraud offenses, the United States seeks an order of forfeiture against the defendant in the amount of $33,321,712, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As the defendant has agreed, he personally

obtained $33,321,712 in proceeds as a result of the health care fraud offenses. If the Court finds that the defendant obtained at least $33,321,712 as a result of the offenses and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

The United States asserts, and the defendant has admitted, that the assets identified above were funded by proceeds of the offenses to which the defendant has plead guilty and are also forfeitable under 18 U.S.C. § 982(a)(7).

### III.   Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 982(a)(7), and Rule 32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $33,321,712 and a Preliminary Order of Forfeiture for the assets identified above, subject to the provisions of 21 U.S.C. § 853(n). The net proceeds from the forfeited assets will be credited towards the satisfaction of the defendant's order of forfeiture.

The United States further requests that, because the $33,321,712 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), forfeiture of any of the defendant's property up to the value of $33,321,712.

The United States further requests that, in accordance with his Plea Agreement, Doc. 128 at 12, the order of forfeiture become final as to the defendant at the time it is entered.

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

          Respectfully submitted,

          ROGER B. HANDBERG
          United States Attorney

By:   *s/Mai Tran*
       MAI TRAN
       Assistant United States Attorney
       Florida Bar No. 100982
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-Mail: mai.tran2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney
