# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case Number: 8:20-cr-165-MSS-AAS |
| v. | USM Number: 26898-017 |
| **EDWARD CHRISTOPHER WHITE, JR.** | Jason Paul Mehta, Retained |

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One and Two of the Superseding Information. Defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit an Offense Against the United States | On or about August 1, 2019 | One |
| 42 U.S.C. § 1320a-7b(b)(1)(A) | Receipt of Kickbacks in Connection with a Federal Health Care Program | On or about August 1, 2019 | Two |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Underlying Indictment is dismissed, as to this Defendant only, on the motion of the United States.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

April 4, 2023

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

April 6, 2023

**Edward Christopher White, Jr.**
**8:20-cr-165-MSS-AAS**

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTY-THREE (33) MONTHS.** **This term consists of a 33-month term as to Count One and a 33-month term as to Count Two, with all such terms to run concurrently**.

The Court makes the following recommendations to the Bureau of Prisons:

- Confinement at a facility in Pensacola, Florida (1st choice) or Montgomery, Alabama (2nd choice) to allow the defendant to be in close proximity to his family and to assist with his successful matriculation through the system;
- Allow the defendant to participate in job opportunities at the facility, as available;
- Evaluation for, and participation in, the 500-hour Intensive Drug Treatment Program (RDAP) and any substance abuse treatment and counseling programs deemed appropriate; and
- Participation in any vocational and educational training programs, as available.

Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **not before 120 days from the date of Sentencing** as directed by the Bureau of Prisons, and as notified by the United States Marshal.

Defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Edward Christopher White, Jr.**
**8:20-cr-165-MSS-AAS**

# SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of **THIRTY-SIX (36) MONTHS. This term consists of a 36-month term as to Count One and a 36-month term as to Count Two, with all such terms to run concurrently**.

# MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
5. Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

**Edward Christopher White, Jr.**
8:20-cr-165-MSS-AAS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply

**Edward Christopher White, Jr.**
**8:20-cr-165-MSS-AAS**

      with that instruction.  The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13.   Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature: _____  Date: _____

**Edward Christopher White, Jr.**
**8:20-cr-165-MSS-AAS**

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases (over $1,000) without approval of the Probation Officer. Defendant shall provide the Probation Officer access to any requested financial information.

2. The mandatory drug testing provisions of the Violent Crime Control Act are suspended. The Court authorizes random drug testing not to exceed 104 tests per year.

**Edward Christopher White, Jr.**
**8:20-cr-165-MSS-AAS**

# CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment[*] | JVTA Assessment[*] |
|---|---|---|---|---|
| $200.00 | $53,699,934.00 | Waived | N/A | N/A |

Defendant must make restitution (including community restitution) to the following payees in the amount listed below. If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

## RESTITUTION

| Name of Payee | Restitution Ordered |
|---|---|
| Clerk, U.S. District Court<br>ATTN: DCU<br>401 W. Central Boulevard<br>Suite 2100<br>Orlando, Florida 32801<br>For distribution to the victim(s).<br><br>Please contact:<br>Financial Litigation Unit<br>U.S. Attorney's Office<br>for victim information<br>813-274-6000 | $53,699,934.00 |

**Restitution:** Defendant shall pay restitution in the amount of $53,699,934.00. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim(s). While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you are ordered to begin making payments of $200 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

---

[*] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pu. L. No. 115-299.

[*] Justice for Victims of Trafficking Act of 2015, Pub.L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Edward Christopher White, Jr.**
**8:20-cr-165-MSS-AAS**

# SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

# FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, attached hereto, that are subject to forfeiture.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 8:20-cr-165-MSS-AAS

EDWARD CHRISTOPHER WHITE, JR.
_____/

ORDER OF FORFEITURE AND PRELIMINARY
ORDER OF FORFEITURE FOR DIRECT ASSETS

The defendant pleaded guilty to Counts One and Two of the Superseding Information which charge him with conspiracy to defraud the United States and pay and receive kickbacks, and receipt of kickbacks, in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(1), and the United States has established that he personally obtained $33,321,712 in proceeds as a result of his participation in the offenses, and that the following assets represent or were funded with proceeds of the offenses:

    a.    The real property located at 22020 Front Beach Rd, Unit 2, Panama City Beach, Florida 32413, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

UNIT 2: COMMENCE at the Northeast corner of Lot 10, Block 5, Kiska Beach Subdivision, according to the Plat thereof, as recorded in Plat Book 3, Page 24, of the Public Records of Bay County, Florida; thence S23 degrees, 22'32"W, along the East line of said lot, a distance of 125.15 feet to the Southeast corner of said lot; thence N66 degrees 28'49"W, along the South line of said lot, a distance of 50.14 feet to the Northeast corner of Lot 16, of said Block 5; thence S23 degrees 20'24"W, along the East line of said Lot 16, a distance of 16.47 feet; thence leaving said East line, N66 degrees 39'36"W, a distance  of 9.35 feet; thence N66 degrees 48'00"W, a distance of 22.25 feet; thence S23 degrees 46'36"W, a

    distance of 8.04 feet; thence N66 degrees 43'50"W, a distance of 18.78 feet to the POINT OF BEGINNING; thence continue N66 degrees 43'50"W, a distance of 18.62 feet; thence N23 degrees 18'04"E, a distance of 7.99 feet; thence N66 degrees 37'29"W, a distance of 1.00 feet; thence S23 degrees 45'08"W, a distance of 76.03 feet; thence S66 degrees 44'11"E, a distance of 20.25 feet; thence N23 degrees 15'49"E, a distance of 68.04 feet to the POINT OF BEGINNING. Said parcel is a part of Lot 17, Block 5, of said Kiska Beach Subdivision.

    Parcel Identification No. 36015-000-015.

    Titled Owner: Chris White;

b.   The real property located at 3232 Magnolia Islands Blvd, Panama City Beach, Florida 32408, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

    Lot 181 and 182, The Preserve on the Bay Phase IV-A, according to the map or plat thereof, as recorded in Plat Book 19, Page 6 of the Public Records of Bay County, Florida.

    Parcel Identification No. 31365-860-000.

    Titled Owner: The Edward Christopher White, Jr. Family Protection Trust, Dated July 24, 2019;

c.   $280,000 in lieu of the 1986 Cessna Citation SII S550 aircraft, Serial Number S550-0111, Tail Number N17LP;

d.   2018 Range Rover, VIN: SALWZ2SE4JA184013;

e.   2019 Mercedes-Benz Sprinter Van, VIN: WDAPF1CDXKP051312;

f.   Approximately $5,312.95 seized from Centennial Bank account number 503081134, held in the name of White Hewitt-Air Corp;

g.   Approximately $124,280.34 seized from Centennial Bank account number 503088255, held in the name of Christopher White and Brian Moore;

    h.    Approximately $1,197.00 seized from Centennial Bank account number 503182370, held in the name of D.A.R.C. LLC dba D.A.R.C. Enterprises;

    i.    Approximately $1,910.42 seized from Centennial Bank account number 503182119, held in the name of White Medical LLC;

    j.    Approximately $9,742.69 seized from Centennial Bank account number 503182905, held in the name of White Oil & Gas LLC;

    k.    Approximately $902.81 seized from Centennial Bank account number 503182348, held in the name of Whitewater Consulting LLC;

    l.    Approximately $603,818.00 seized from Regions Bank account number 0263433532, held in the name of The Edward Christopher White, Jr. Family Protection Trust; and

    m.    Approximately $580,255.00 seized form Pinnacle Bank account number 800105121305, held in the name of The Edward Christopher White, Jr. Family Protection Trust.

The United States moves under 18 U.S.C. § 982(a)(7), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, to forfeit the $33,321,712 in proceeds the defendant personally obtained as a result of his participation in the conspiracy to defraud the United States and pay and receive kickbacks, and receipt of kickbacks offenses.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' unopposed amended motion, Doc. 323, is GRANTED

It is FURTHER ORDERED that the United States is entitled to forfeit the $33,321,712 in proceeds the defendant obtained as a result of his participation in the offenses. In addition, the assets identified above represent or were funded with

proceeds of the offenses charged in Counts One and Two and are forfeitable under 18 U.S.C. § 982(a)(7).

It is FURTHER ORDERED that, because the $33,321,712 was dissipated by the defendant, and the United States could not locate all the of the specific property traceable to the defendant's offenses, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), forfeiture of any of the defendant's property up to the value of $33,321,712. The United States may also conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets. Jurisdiction is retained to enter any order necessary for the forfeiture and disposition of any substitute asset and to address any third-party claim.

The net proceeds from the forfeited assets will be credited towards the satisfaction of the defendant's order of forfeiture.

DONE and ORDERED in Tampa, Florida, on this 28th day of February 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
AUSA Mai Tran
Counsel of Record