UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-165-MSS-AAS

EDWARD CHRISTOPHER WHITE, JR.

**UNITED STATES' RESPONSE TO ALLUVION TOWNHOME
ASSOCIATION, INC.'S PETITION FOR REMISSION**

Pursuant to the Court's April 6, 2023 Order, (Doc. 361), the United States responds to the Petition for Remission filed by Alluvion Townhome Association, Inc. ("Alluvion") (Doc. 356). Alluvion has a valid interest in the real property located at 22020 Front Beach Rd, Unit 2, Panama City Beach, Florida 32413 ("Front Beach Property"). As a result, the United States intends to recognize Alluvion's interest. Indeed, the parties are negotiating a stipulated settlement agreement because doing so will simplify the closing. However, Alluvion has acknowledged that its Petition for Remission is improperly before the court. In support, the United States submits the following memorandum of law.

**I.  Procedural History**

1. On February 28, 2023, the Court entered an Order of Forfeiture that included, in pertinent part, the Front Beach Property. Doc. 325.

2. On or about March 13, 2023, the United States sent direct written notice to third parties known to have a potential interest in the Front Beach Property, including Alluvion. The notice explained that "[t]he government may also consider

granting petitions for remission or mitigation, which pardon all of part of the property from forfeiture," and that "[t]he criteria for remission of the forfeiture are found at 28 C.F.R. § 9.5(a)." The notice also provided website address for obtaining a fillable petition for remission form that could be either mailed to the United States Attorney's Office or submitted online to the Department of Justice.

3. On April 4, 2023, Alluvion instead filed with the Court a Petition for Remission for past due assessments and dues owed on the Property. Doc. 356.

4. On April 5, 2023, the undersigned contacted Alluvion counsel to clarify information regarding the purpose of the filing, explaining the different reviewing authorities for claims (the Court) and petitions for remission (the United States), and requested that the claimant confirm whether it wishes the government to consider the pleading as a petition for remission, as legally required.

5. Alluvion counsel confirmed that Alluvion wanted the United States to consider its petition for remission and further agreed to withdraw Alluvion's Petition for Remission filed with the Court. Doc. 356.

6. In an additional effort to also resolve any Alluvion's interest before the Front Beach Property is sold, the parties also discussed the potential of entering into a Stipulated Settlement, a draft of which has since been delivered by the undersigned to Alluvion counsel.

7. On April 6, 2023, the Court sentenced the defendant. Doc. 360. In his plea agreement, the defendant did not contest the forfeiture. Doc. 128.

8. On the same day, the Court also directed the United States and the defendant to respond to Alluvion's Petition for Remission. Doc. 361.

9. At the time of the filing of this Response, Alluvion has yet to withdraw its Petition for Remission as previously indicated. If it does not do so within 14 days, the United States will seek to obtain Alluvion's consent to file a motion to strike it.

10. The United States has made concerted efforts to follow up on the initial discussion but has not heard back from Alluvion counsel.

## II. Legal Argument

### A. Petition for Remission

Remission is a mechanism whereby the government may ameliorate a forfeiture in favor of an innocent third party. A petition for remission does not contest the forfeiture but seeks an "act of grace" on the part of 28 C.F.R. § 9.4(e). *See United States v. 1957 Buick Roadmaster*, 167 F.Supp. 597, 601 (E.D.Mich. 1958) (Congress granted complete discretion to the Attorney General to remit or mitigate forfeitures as an "act of grace," and no judicial review of remission decisions is available). Remission regulations allow third parties to petition the Attorney general for the return of property already forfeited to the United States. 28 C.F.R. § 9.4(e).

Once assets have been forfeited, the authority to distribute them to owners, lienholders, or victims rests solely with the Attorney General. *See* 18 U.S.C. § 981(d); *see also*, 28 C.F.R. § 9. The federal regulations govern the remission of administrative, civil or criminal forfeiture, specifically setting forth that petitions for remission for judicially forfeited property should be addressed to the Attorney General and

submitted to the United States Attorney for the district where the forfeiture proceedings were brought. 28 C.F.R. § 9.4(e).  The Attorney General delegated the authority to decide petitions for remission in judicial cases to the Chief of the Money Laundering and Asset Recovery Section ("MLARS"). *See* 28 C.F.R. § 9.1(b)(2).

Here, instead of submitting its Petition for Remission to the Attorney General and submitting the petition to the United States Attorney's Office, the manner set forth in 28 C.F.R. § 9.4(e), Alluvion filed its Petition for Remission before the Court. Doc. 356.  Accordingly, Alluvion's Petition is in the wrong forum and should not be litigated before this Court.

### B. Verified Claim

The sole means by which third parties can litigate their right to property subject to criminal judicial forfeiture is provided in 21 U.S.C. § 853(n). The statute provides the specific criteria that claims must possess in order to be valid. *Id.* For example, the claims must be signed under penalty of perjury. *See* 21 U.S.C. § 853(n)(3).  Here, Alluvion has yet to file a valid claim. However, the parties have started the negotiation of a stipulated settlement that would recognize Alluvion's interest, if any, in the Front Beach Property.

## III. Conclusion

Alluvion's Petition for Remission, (Doc. 356), is improperly before the court and may need to be stricken as outside of the court's jurisdiction. The United States

will continue its efforts to discuss a Stipulated Settlement with Alluvion counsel in an effort to resolve Alluvion's interest before the Front Beach Property is sold.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/Mai Tran*
MAI TRAN
Assistant United States Attorney
Florida Bar No. 100982
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-Mail: mai.tran2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Mai Tran*
MAI TRAN
Assistant United States Attorney